**TRAVELERS FIRE INSURANCE COMPANY, Plaintiff,**

v.

**TIRES, Inc., Defendant.**

**NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, Plaintiff,**

v.

**TIRES, Inc., Defendant.**

**Civ. A. Nos. 1998, 2000.**

United States District Court
W. D. South Carolina,
Greenville Division.

July 5, 1957.

Leatherwood, Walker, Todd & Mann, Greenville, S. C., for plaintiff.

Hubert E. Nolin, Love, Thornton, & Arnold, Greenville, S. C., for defendant.

WILLIAMS, District Judge.

The above actions were filed in this court by the plaintiffs under the Federal Declaratory Judgment Act, 28 U.S.C.A. § 2201. The plaintiffs and defendant appeared by counsel and agreed that the cases should be tried together. The issues were brought on for trial on the 5th day of November, 1956, before me and a jury, at a trial term of this court held in the courtroom of the United States District Court in the City of Greenville, in the Western District of South Carolina. After presentation of all the evidence by the plaintiffs and the defendant, the Court, by agreement of counsel on both sides, submitted the following issue to the jury, "Do the facts as found by you constitute an explosion?" The answer of the jury was "No."

The defendant made a motion for judgment n. o. v. on the ground that "the only reasonable inference to be drawn from all the evidence is that an explosion occurred and that such was covered under the terms and provisions of the policies issued by the plaintiffs."

The defendant also moved for a new trial on the following grounds:

1. The Court erred in permitting plaintiffs to introduce into evidence the proofs of loss in these cases over the objections of defendant.

2. The Court erred in charging the jury that the weight to be given the proofs of loss offered by the plaintiffs was for their determination.

3. The Court erred in commenting before the jury and in holding that if the defendant was relying on the proofs of loss, it was out of Court.

4. The Court erred in charging the jury, in effect, that to constitute an explosion that there does not have to be a sudden production of pressure or change in volume and subsequently charging the jury to the contrary, thereby in effect nullifying the charge.

5. The Court erred in charging plaintiffs' first request to charge to the effect "that an explosion means a sudden, vio-

lent bursting or breaking caused by an internal force and accompanied by a sudden or rapid expansion of air and a sharp noise," and charging to the contrary that an explosion may result from an internal force or an external force, or by the combination of the two forces.

6. The Court erred in charging plaintiffs' fourth request to the effect that the jury "must determine what was the proximate cause of the break in the water pipe. By proximate cause I refer to the real cause of the rupture—the cause but for which it would not have happened, that is, the operating, originating, efficient cause."

7. That the greater weight of the evidence introduced at the trial preponderates to the conclusion that an explosion occurred.

■ I have carefully considered the grounds with reference to the charge to the jury and it is my opinion that the charge as a whole properly sets forth the law applicable to explosions. I should add, however, that ground No. 5 is not well taken since I did not charge that an explosion may result from an external force. I did charge the jury that

"the cause or causes of an explosion may be inside the particular thing which exploded; or there may be a combination of inside and outside or surrounding forces, which may bring about the explosion."

There is no inconsistency in that set forth above and plaintiffs' first request as I charged it.

■ I have also considered grounds 3 and 7 and find that there is no merit in either of them. The only issues that need be considered by the court are the grounds numbered 1, 2, and 6 as set forth above.

■ I do not think that I committed error in permitting plaintiffs to submit proofs of loss in these cases, nor do I think that there was error in charging the jury as to the weight which should be given the proofs of loss offered by the plaintiffs and the explanation given by defendant. My charge on this point was as follows:

"You have observed, of course, in this trial that proofs of loss were submitted to the insurance companies involved. Liability based on the proof of loss was denied by the insurance company. You have heard the testimony in connection with these proofs of loss; that is, the explanation given concerning the proofs of loss. And I am leaving it entirely to you to determine the value or the weight of the explanation which has been given and what weight you shall give to the testimony in connection with these proofs of loss."

This is a correct statement of the law. In the case of Wade v. Metropolitan Life Ins. Co., 179 S.C. 70, 76, 183 S.E. 589, 591, the Court said:

"It is now well settled by the great weight of authority that statements made in proofs of loss, injury, disability, etc. are not conclusive upon the claimant, at least where no estoppel is involved, and where there is no intent or attempt to defraud the insurer. The statements may be explained, qualified, or corrected, and it may be shown that they were the result of inadvertence, mistake, or misinformation."

My charge stated the law substantially as it is stated in the Wade case. The defendant presented testimony concerning the proofs of loss and explained what was meant by the proofs. This question was therefore properly submitted to the jury so that they could determine what weight or value should be given to the explanation which had been made by the defendant. It is quite clear therefore, that there was no error in submitting the proofs of loss, nor to my charge that the jury was to determine the value or weight of the testimony which had been given in connection therewith.

■ Error 6. The alleged error 6 was quite favorable to the defendant.

Even if there was error in charging what the proximate cause of the break in the water pipe was, no exception could be raised by the defendant because the charge was entirely favorable to the defendant. I charged the jury on this point as follows:

"In deciding whether or not there was an explosion, you must determine what was the proximate cause of the break in the water pipe. By proximate cause I refer to the real cause of the break in the pipe—the cause but for which it would not have occurred; that is, the operating, originating, efficient or direct cause. If you find from the evidence presented in this case that the vibrations from the use of the air hammer by the plumbing company employees was the proximate cause of the incident which occurred, you may, of course, find that there was an explosion."

I also charged plaintiffs' fourth request as follows:

"You must determine what was the proximate cause of the break in the water pipe. By proximate cause I refer to the real cause of the rupture—the cause but for which it would not have happened, that is, the operating, originating, efficient cause."

In these cases the plaintiffs took the position that there was no explosion but that the water main was ruptured by an air hammer and that the flooding of the building and breaking of the windows were due to this rupture of the water main. In other words, the plaintiffs' position was that the water pipe was cut or broken either directly or indirectly by the force of the operation of an air hammer; also that the water pipe was cut, broken or ruptured by the force of an external blow, and that therefore there could be no explosion.

The defendant took the position that the explosion was due to the vibrations from the use of the air hammer by the plumbing company's employees, and that this vibration was the cause of the explosion of the water main. I charged the jury as stated above, that if they should find from the evidence presented that the vibrations from the use of the air hammer by the plumbing company's employees was the proximate cause of the break in the water main, then the jury should find that there was an explosion. All of the charge is favorable to the defendant, and therefore no proper exception can be taken to it.

██ The defendant's motion for judgment notwithstanding the verdict must be overruled. Under the facts in this case, the jury could and did reach a reasonable inference that there had been no explosion. For the foregoing reasons, it is

Ordered in both of these cases that the motions for judgment notwithstanding the verdict and for a new trial are overruled. It is further

Ordered that in each case named above the respective plaintiff is not liable under the terms and provisions of these policies for the loss claimed by the defendant and that, further, under the circumstances of the incident that occurred, the defendant's loss was not covered and insured against under the terms and provisions of the policy.

It should be added that in the second case named above, National Fire Insurance Company of Hartford, Connecticut v. Tires, Inc., Civil Action No. 2000, the extended coverage endorsement contained the following provision:

"Electrical arcing, water hammer, and the bursting of water pipes are not explosions within the intent or meaning of these provisions."

The plaintiff takes the position that under the quoted words above, there was an exclusion which would prevent defendant's loss and damage from being covered and insured against under the terms and provisions of this policy. A ruling by the Court on this point is not necessary in view of the findings by the jury.

Let judgment be entered for the respective plaintiffs in accordance with this order.